Rayminh L. Ngo, Esq., SBN RN4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6729 facsimile
Email: ray@higbeeassociates.com

Attorney for Plaintiff,
LARRY G. PHILPOT,

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## NEW YORK DIVISION

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>    Plaintiff,<br><br>v.<br><br>MUSIC TIMES, LLC<br><br>    Defendant. | Case No. 1:16-CV-01277-DLC<br><br>**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING DAMAGES** |

  Plaintiff Larry G. Philpot ("Plaintiff"_, by and through his attorney of record, respectfully submits the following Proposed Findings of Fact and Conclusions of Law for a Default Judgment under F.R.C.P. Rule 55(b) on Plaintiff's claim of copyright infringement under Title 17 of the United States Code.

///

## FINDINGS OF FACT

1.      Plaintiff is a professional photographer and earns a living through licensing his work for use by print and electronic publications to businesses and musicians. Complaint, ¶¶10-11.

2.      Plaintiff displays his work on his website, www.soundstagephotography.com. Complaint ¶12.

3.      Plaintiff registered copyrighted images ("Images") of musicians John Mellencamp and Nora Jones with the United States Copyright Office on May 13, 2013. Complaint ¶¶ 3, 11.

4.      Plaintiff published the Images under a Creative Commons license on Wikipedia, expressly providing that a license was contingent on an attribution which contained Plaintiff's name and a link to his website. Complaint, ¶ 23.

5.      Defendant, Music Times, LLC. ("Defendant") reproduced and published the Images without a properly acquired license or authority on its website, www.musictimes.com, on or about November 14, 2013 and December 6, 2013. Complaint, ¶¶ 15-17.

6.      Defendant effectively reproduced the Images on its website, wiped of all metadata, and without providing the necessary attribution to Plaintiff, pursuant to his Creative Commons license. Complaint ¶¶ 29, 40.

7.      Defendant continued to display the Images after repeatedly being put

on notice that the Images were subject to copyright by the Plaintiff.

8.      Plaintiff filed this action against Defendant on February 19, 2016, seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. § 106.

9.      The Complaint sough statutory damages pursuant to 17 U.S.C. § 504(c). Docket Entry No. 1.

10.      Defendant was served with Summons and Complaint in this action on February 23, 2016. Docket Entry No. 17.

11.      Defendant failed to Answer the Complaint within the allotted time. On April 28,2016, this Court scheduled a hearing for Defendant to show cause why a default judgment should not be entered against it. Docket Entry No. 17.

12.      On June 10, 2016, the aforementioned hearing was held. Defendant did not appear at the hearing before it concluded. Docket Entry No. 24.

13.      The Court ordered that if an attorney for Defendant did not appear in this action by July 1, 2016, that a default would be entered against Defendant. Docket Entry No. 24.

14.      The Court also ordered that thi action be referred to Magistrate Judge Freeman for an inquest to assess damages. Docket Entry No. 24.

15.      On July 12, 2016, the Court entered a default against Defendant.

3

Docket Entry No. 27.

16.    For the purpose of conducting an inquest, the Court has ordered Plaintiff to file and serve this Proposed Findings of Fact and Conclusions of Law concerning damages. Docket Entry No. 26.

## PROPOSED CONCLUSIONS OF LAW

1.    The entry of default judgment conclusively establishes a Defendant's liability. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

2.    Defendant, by virtue of the default judgment, has admitted liability for violating Plaintiff's exclusive rights as a copyright owner pursuant o 17 U.S.C. § 106.

3.    The Court has discretion to award Plaintiff statutory damages between $750.00 and $30,000.00 for the infringement pursuant to 17 U.S.C. § 504(c)(1). If the Court finds the infringement was willful, then it may award the Plaintiff up to $150,000.00 for the infringement pursuant to 17 U.S.C. § 504(c)(2).

4.    The purposes of statutory damages are to "serve both compensatory and punitive purposes…whether or not there is adequate evidence of the actual damages suffered by Plaintiff or of the profits reaped by Defendant….to sanction and vindicate the statutory policies of discouraging infringement." *Los Angeles News Service v. Reuters Television Intern., Ltd.,* 149 F.3d 987, 996 (C.A.9 (Cal.), 1998).

4

5.     Infringement is considered willful where the infringer has "actual or constructive knowledge that it was infringing the Plaintiff's copyrights or else acted in reckless disregard of the high probability that it was infringing." *Arclightz and Films Pvt. Ltd. v. Video Palace, Inc.,* 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003).

6.     Here, the infringement was willful because Defendant continued to display the Images after being repeatedly notified that the Images were subject to copyright by Plaintiff.

7.     Pursuant to 17 U.S.C. § 412, in order to recover statutory damages, the copyright owner must register the original work prior to the commencement of the infringement, as is the case in this action.

8.     In assessing damages, courts have considered the fair market value of the rights infringed, the profits gained by the defendant through the infringement, the lost revenues of the Plaintiff, and the infringer's state of mind. *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1174 (S.D.N.Y. 1983).

9.     This court has previously held that a willful infringer should be liable for a substantial amount above the market value because, otherwise, infringers might feel encouraged to willfully violate the law "knowing the full extent of their liability would not exceed what they would have to pay for a license on the open market." *Id.*

10.     Based on the foregoing, the Plaintiff asserts that an amount of $10,000.00 per infringement in statutory damages against the Defendant is a reasonable and appropriate amount for compensatory and punitive purposes.

11.     Based on the foregoing, Plaintiff further asserts that due to the fact that all images are registered timely with the United States Copyright Office, that $20,000.00 is a reasonable and appropriate amount for compensatory and punitive damages based on two (2) counts of willful infringement of Plaintiff's copyright.

12.     Further, Plaintiff is entitled to post-judgment interest at .69% per annum pursuant to 28 U.S.C. § 1961.

I declare under penalty of perjury, that the foregoing is true and correct under the laws of the Untied States of America.


Dated:  August 11, 2016                            Respectfully submitted,

                                                   **/s/ Rayminh L. Ngo**
                                                   Rayminh L. Ngo, Esq.
                                                   State Bar No. RN4834
                                                   HIGBEE & ASSOCIATES
                                                   1504 Brookhollow Dr., Ste 112
                                                   Santa Ana, CA 92705-5418
                                                   (714) 617-8350
                                                   (714) 597-6729 facsimile
                                                   *Attorney for Plaintiff*